BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 2010 DODGE RAM PICKUP TRUCK, VIN: 1D7RB1CT9AS238180, LICENSE NUMBER: 8Y15941, <br><br> Defendant. | 2:11-MC-00090-KJM-CKD <br><br> CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On June 14, 2011, the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation, and the California Highway Patrol executed a Federal search warrant at the real property located at 14530 and 14720 County Road 95, Woodland, California.  The agents seized a 2010 Dodge Ram Pickup Truck, VIN: 1D7RB1CT9AS238180, License Number: 8Y15941 (hereafter the "defendant vehicle").  DEA then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about

1                    Consent Judgment of Forfeiture

September 1, 2011, the DEA received claims from George Ely Kimball and Susan Kimball asserting an ownership interest in the defendant vehicle.

2. The government represents that it could show at a forfeiture trial that on June 14, 2011, DEA and other agents executed a Federal search warrant at the above-listed real property. The agents found eighty-eight marijuana plants and more than twenty pounds of processed marijuana.

3. The government could further show that George Kimball, son of George Ely Kimball and Susan Kimball, was growing marijuana at the above-listed real property, advertised selling marijuana on the internet, shipped packages of marijuana to Virginia, and received packages of currency. The defendant vehicle is registered to George Ely Kimball and Susan Kimball. During interviews, George Ely Kimball and Susan Kimball admitted that their only source of income was from the sale of marijuana and that they purchased the defendant vehicle with cash from the sale of marijuana in November of 2010. According to the California Employment Development Department, George Ely Kimball and Susan Kimball have had no documented employment for the past three years.

4. Without admitting the truth of the factual assertions contained above, George Ely Kimball and Susan Kimball specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, George Ely Kimball and Susan Kimball agree that an adequate factual basis exists to support forfeiture of the defendant vehicle. George Ely Kimball and Susan Kimball hereby acknowledge that they are the sole owners of the defendant vehicle, and that no other person or entity has

any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle or a substitute *res* in lieu of the defendant vehicle, George Ely Kimball and Susan Kimball shall hold harmless and indemnify the United States, as set forth below.

5.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

6.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

7.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

8.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

9.   Payment of $12,500.00 as the substitute *res* in lieu of the defendant vehicle shall be paid to the United States by December 6, 2011.  Payment shall be made in the form of a cashier's check made payable to the U.S. Marshals Service and shall be sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest in the $12,500.00 shall be substituted for the defendant vehicle and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

10. If payment of the $12,500.00 is not received by December 6, 2011, the U.S. Marshals Service shall be authorized to sell the defendant vehicle, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the defendant vehicle, the United States shall receive the net proceeds up to $12,500.00, less payments for costs of selling the vehicle, storage, other expenses incurred, and any legitimate liens that exist on the defendant vehicle. George Ely Kimball and Susan Kimball shall receive all remaining amounts after payment of costs of sale, legitimate liens, and costs incurred by the U.S. Marshals Service.

11. Upon payment of the $12,500.00 by December 6, 2011, and entry of this Consent Judgment of Forfeiture forfeiting those funds to the United States, the U.S. Marshals Service shall return the defendant vehicle to George Ely Kimball and Susan Kimball within 30 days of entry of this Consent Judgment of Forfeiture.

12. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure, forfeiture or sale of the defendant vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, forfeiture, or sale, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant vehicle and a Certificate of

Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: December 6, 2011.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.

DATED: December 6, 2011.

_____
UNITED STATES DISTRICT JUDGE